

**FILED**
**Dec 12, 2023**
**03:00 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| **Coshando Stewart, Surviving Spouse of Michael Stewart, Deceased Employee,** ) ) ) | **Docket No. 2023-08-1738** |
| ) | **State File No. 88231-2022** |
| **v.** ) | |
| **Memphis, Light, Gas and Water,** ) | |
| **Self-insured Employer.** ) | **Judge Shaterra R. Marion** |

---

## COMPENSATION ORDER AWARDING BENEFITS
### *Decision on the Record*

---

In this compensation hearing, the issue is the amount of attorney fees and whether they should be paid in a lump sum. Memphis Light Gas and Water opposed the amount of the requested fees and paying them in a lump sum. For the reasons below, the Court awards Ms. Stewart's attorney the requested fees in a lump sum.

### History of Claim

Michael Stewart died December 9, 2022, from electric shock. At the time of his death, Mr. Stewart was married to Coshando Stewart, his only dependent.

Ms. Stewart retained Tim Williams Law Office, PLLC to represent her and entered into a written agreement for a 20% contingency fee. The parties mediated on April 14, 2023, and 126 days after Mr. Stewart's death, MLGW offered to pay Ms. Stewart the maximum total benefit of $504,450.00 and the burial expense of $10,000.00.

The parties agreed that Ms. Stewart is entitled to the maximum compensation rate, $1,121.00 weekly, or $2,242.00 biweekly. MLGW has initiated death benefits, and Ms. Stewart will continue to be paid $2,242.00 biweekly. By January 19, 2024, Ms. Stewart will be paid all the benefits she is presently owed.

Mr. Williams requested $49,324.00 in attorney's fees and that the amount be paid in a lump sum.

1

## Findings of Fact and Conclusions of Law

Mr. Williams request for attorney's fees of $49,324.00 is approximately 9.78% of the total award. The Court finds this amount reasonable.

In accident cases that result in death of an employee, the plaintiff's attorney's fees shall not exceed reasonable payment for actual time and expenses incurred when the employer makes a voluntary settlement offer in writing to dependents or survivors eligible under section 50-6-210 within thirty days of the employee's death if the employer offers to the dependents all the benefits provided under the Workers' Compensation Law. Tenn. Code. Ann. § 50-6-226(a)(3) (2023).

MLGW made a settlement offer 126 days after Mr. Stewart's death; therefore section 50-6-226(a)(3) does not apply. Instead, section 50-6-226(a)(1) applies, which allows the trial Court to determine the reasonableness of an attorney's fee.

Mr. Williams submitted an affidavit supporting his fee, as it exceeded $10,000. Tenn. Code Ann. § 50-6-226(a)(2)(C). In his affidavit, he stated that he has practiced law since 2016, he expended extensive time and expense prosecuting the case, and he had a written agreement for fees and expenses.

The Court finds these assertions support the requested fee. Specifically, the Court considers the factors in Tennessee Supreme Court Rule 8, RPC 1.5. The relevant factors here are the results obtained, the amount of work required, the customary fee in a written agreement, and counsel's experience and reputation. Therefore, the requested fee is deemed reasonable.

Ms. Stewart requested that the $49,324.00 attorney's fees be paid in a lump sum.

The Workers' Compensation Law states that attorney's fees may be paid as a partial lump sum from any award when approved and ordered by the judge. Tenn. Code. Ann § 50-6-229(a). Although the trial court has discretion on whether to commute an award of attorney's fees, the Tennessee Supreme Court has routinely commuted attorney's fees to a lump sum. *Summers v. RTR Transp. Servs.* No. M2022-00084-SC-R3-WC, 2022 Tenn. LEXIS 409, at *12 (Tenn. Workers' Comp. Panel Oct. 28, 2022). Further, the Tennessee Supreme Court also has made it clear that, in a death case, attorney's fees may be paid in a lump sum. *Id.*

Because the Tennessee Supreme Court has routinely commuted attorney's fees to a lump sum, and the record includes no reason not to commute the attorney's fees, the Court holds the requested fee should be paid in a lump sum.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Williams's $49,324.00 attorney's fee is deemed reasonable and shall be paid in a lump sum.

2. MLGW shall pay Ms. Stewart $2,242.00 biweekly until the maximum total benefit of $504,450.00 is reached or until Ms. Stewart is no longer entitled to benefits.

3. MLGW shall pay the $150.00 filing fee to the Clerk within five business days of this order becoming final, for which execution might issue as necessary.

4. MLGW shall file Form SD-2 with the Clerk within ten business days of this order becoming final.

5. Unless appealed, this order shall become final thirty days after entry.

**ENTERED December 12, 2023.**

_____
**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**

**Appendix**

Exhibits
1. Marriage License
2. Death Certificate
3. Mr. William's Amended Affidavit

Technical Record
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Compensation Hearing on the Record
4. September 7, 2023, Status Hearing Order
5. September 27, 2023, Status Hearing Order
6. October 17, 2023, Status Hearing Order
7. Employer's Prehearing Brief

8. Employee's Prehearing Brief
9. Amended Stipulations Filed December 8, 2023

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on December 12, 2023.

| Name | Email | Service sent to: |
|---|---|---|
| Timothy Williams, Employee's Attorney | X | williamstimothyj@bellsouth.net |
| Melanie Jayashankar, Employer's Attorney | X | mjayashankar@wyattfirm.com |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

4



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*